# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:08CV-P9-R

**WILLIAM THOMAS TAYLOR** *et al.*                                    **PLAINTIFFS**

**v.**

**RICKY PARNELL** *et al.*                                    **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

William Thomas Taylor and Gregory Allen Smith, inmates at the Fulton County Jail, initiated this *pro se* civil action under 42 U.S.C. § 1983.[1]  The complaint is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the Court will dismiss this action in its entirety.

## I.

Plaintiff Taylor is a convicted inmate currently incarcerated at the Fulton County Jail. He has sued Jailer Ricky Parnell and Deputy Jeff Johnson in their official and individual capacities.  He is seeking $500.00 in compensatory damages, $500.00 in punitive damages, and an order requiring him to be moved to another jail, preferably Webster County, Logan County, or Hickman County.  In his complaint, Plaintiff alleges that Defendants have violated his constitutional rights in five main ways:

> (1) Jailer Ricky Parnell is always making gay remarks when talking to him on two different times towards me, saying are you giving an inmate a blow job just because I was talking to an inmate in corner; (2) he said I was as guilty as Jeffery Domer eating a bag of dead cut up dicks; (3) . . . females who are inmates are provided with inferior favors and privileges than male inmates within the same system are not, also your first amendment rights, such as freedom of speech is always violated because if you speak your mind, they threatening to send you to the hole; (4) on 8-22-07 or around that date, my 14th amendment was violated, failure of due process of law. I was put in the "hole" for 2 days with no disciplinary hearing, and also stripped of

---

[1]Mr. Smith has since been dismissed as a plaintiff from this action.

my job; (5) recently, 12-23-07, filed a grievance on racism how whites at the jail is treated different from blacks [and] they still haven't answered my grievance.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent'

2

with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

### A.    Claims One and Two--Insults

Plaintiff alleges that Jailer Ricky Parnell verbally insulted him.  "As to a construed Eighth Amendment claim, verbal insults of an inmate have not been deemed actionable in actions brought pursuant to § 1983." *Roden v. Sowders*, 84 F. App'x 611, 613 (6th Cir. 2003) (citing  *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)).  "Only prisoners' deprivations denying 'the minimalized measure of life's necessities' constitute and Eighth Amendment violation." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, (1981)).  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted. Claims one and two will be dismissed.

### B.    Claim Three--Equal Protection and First Amendment

Plaintiff alleges that female inmates are given "inferior privileges than males" and that he is not allowed to "speak his mind."  "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law.  Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).  Plaintiff has not provided any factual predicate to

support his Equal Protection and First Amendment claims.  Accordingly, they must be dismissed.

**C.      Claim Four--Due Process**

Plaintiff claims that he was placed in the "hole" for two days without a hearing and that his institutional job was also taken away from him in violation of his due process rights.  For a prisoner, a deprivation of a legally cognizable liberty interest occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995).   In *Sandin,* a prisoner claimed that he was deprived of his right to due process in the conduct of a disciplinary hearing and subsequent placement in disciplinary segregation.  While recognizing that states may create such interests, the Court observed that "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force,  nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (citation omitted).  The Court went on to note:

> lawful incarceration brings about necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.  Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.
>
> This case, though concededly punitive, does not present dramatic departure from the basic conditions of Conner's indeterminate sentence....We hold that Conner's discipline in segregated confinement did not present the type of atypical significant deprivation in which a State might conceivably create a liberty interest.

*Id*. at 485-86.  The Sixth Circuit has specifically held that placement in disciplinary segregation is not a protected liberty interest as it does not present the "atypical and significant hardship" required by *Sandin*.

Plaintiff's claim falls squarely within the holding of *Sandin* and its progeny.  Beyond the simple fact that he was placed in disciplinary segregation for two days, he asserts no additional facts which illustrate how his particular confinement itself imposes an atypical and significant hardship.  *Sandin* specifically rejected the idea that mere disciplinary measures taken by state authorities without more violate the Due Process Clause.  *Sandin*, 515 U.S. at 484.  And, the Supreme Court further cautioned courts "to afford appropriate deference and flexibility to state [prison] officials trying to manage a volatile environment."  *Id.* at 482.  Because Plaintiff's conclusory allegations fail to establish that his confinement was an atypical and significant hardship, the Court concludes that he has failed to establish the requisite liberty interest in freedom from segregation to which due process protections apply.

As for Plaintiff's claim that he lost his job within the jail, "a prisoner does not have a constitutional right to prison employment or a particular prison job."  *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)).

Accordingly, because Plaintiff has failed to assert the existence of a constitutionally protected interest, he has not established a violation of his due process rights, and this claim must be dismissed.

**D.      Claim Five--Grievance**

Finally, Plaintiff complains that the jail has not responded to a grievance he filed about racism.  There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure."  *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).  By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial or failure to respond to the plaintiff's grievance.  *See, e.g.*, *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (reversing denial of summary judgment to prison

5

officials whose only involvement was the denial of administrative remedies); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Plaintiff does not have a constitutional right to have his grievances answered. This claim will also be dismissed.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff Taylor, *pro se*
        Defendants
4413.008